IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH HARRISON-KHATANA, | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. DKC-06-2547 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

******

## MEMORANDUM

Pending before this Court is a Petition for Expungement filed on September 29, 2006. Paper No. 1. For reasons to follow, the Petition shall be denied.

Petitioner was indicted in this Court and pled guilty to making false statements to obtain federal employee compensation in violation of 18 U.S.C. § 1920. She was sentenced to five years probation, and ordered to pay restitution and a special assessment. Subsequently, Petitioner satisfied the restitution Order and thereafter filed a Motion to Terminate Probation which was granted on April 25, 2006. Petitioner seeks to expunge the judicial record because she has completed all aspects of the judgment and because the record has adverse consequences on her ability to obtain and maintain employment.

The power to expunge is a "narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F.Supp.2d 567, 573-74 (D. Md. 2002).

A member of this court has previously held that while the district court possesses ancillary

jurisdiction to expunge criminal records for "equitable considerations," that such jurisdiction was limited to expunging the record of an <u>unlawful</u> arrest or conviction or to correct a clerical error. *United States v. Gary*, 206 F.Supp.2d 741 (D. Md. 2002).  The court held that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief to enhance employment opportunities.[1]  *Id*.

This court commends Petitioner on the successful completion of her sentence and is cognizant of her wish to obtain further employment.  It further acknowledges that in a post 9-11 world, background checks for employment may be more comprehensive as to raise the bar on previously known or unknown criminal court action.  Nonetheless, the record here, simply does not support expungement of the conviction for equitable considerations.  There is no information or argument before this court showing that Petitioner's conviction was constitutionally unlawful.

The Petition for Expungement shall be denied. A separate Order follows.

Date: _____11/9/06_____           _____/s/_____
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[1]  In *Gary*, the Honorable Frederic N. Smalkin found that the power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress as the "Constitution prohibits federal courts from expanding their own subject matter jurisdiction." *Gary*, 206 F.Supp.2d at 741; *See also United States v. Steelwright*, 179 F.Supp.2d at 573-74.